UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN R. SNYDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25 CV 517 JMB |
| ) | |
| KNIGHT TRANSPORTATION, INC., ) | |
| KNIGHT-SWIFT TRANSPORTATION ) | |
| HOLDINGS, INC., and TEVIN G. JOHNSON, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Now pending before the Court is Defendant Knight Transportation, Inc.'s Motion to Dismiss Count IV of the Complaint (Doc. 10). For the reasons set forth below, the Motion is **DENIED**.

**Background**

Plaintiff, John R. Snyder, filed a Complaint on April 25, 2025 alleging claims related to an automobile accident on Interstate 70 in St. Charles County, Missouri (Doc. 1). Plaintiff alleges that on April 29, 2024, the Toyota Corolla that he was driving was struck by a tractor-trailer driven by Defendant Tevin G. Johnson on I-70, causing damage to his vehicle and personal injuries that require medical care. At the time of the accident, Plaintiff alleges that Johnson was acting within the scope of his employment with Defendant Knight Transportation, Inc. (KT), which is wholly owned and operated by Defendant Knight-Swift Transportation Holdings, Inc. (KST). In Count I, Plaintiff alleges a negligence claim against Johnson, in Count II, Plaintiff alleges a negligence per se claim against Johnson, and, in Count III, Plaintiff alleges a vicarious liability claim against KT and KST.

Count IV alleges a negligent hiring, training, retention, supervision and entrustment claim against KT and KST.  Plaintiff claims that these Defendants were negligent in hiring, training, retaining, and entrusting Johnson in the operation of a tractor-trailer.  Plaintiff states that these Defendants knew or should have known of Johnson's "dangerous proclivities, inexperience and habitual recklessness" (Doc. 1, p. 8).  KT admits that Johnson was its employee and that he was acting within the scope and course of his employment at the time of the accident (Doc. 12, p. 5).  KST makes no such admission.  KT (hereinafter referred to as Defendant) now seek dismissal of Count IV.

**Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint.  To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level."  Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (quoting Twombly, 550 U.S. at 555 & n.3).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.  Id. at 555-56; Fed. R. Civ. P. Rule 8(a)(2).  However, the principle that a court must accept as true all of

the allegations contained in a complaint does not apply to legal conclusions.  Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## Discussion

Defendant argues that Count IV must be dismissed pursuant to Missouri law because Plaintiff is foreclosed from advancing multiple theories of imputed liability once one avenue, *respondeat superior* in this case, is admitted.[1]  To support this argument, Defendant relies on McHaffie v. Bunch, 891 S.W.2d 822 (Mo. 1995).  In that case, the injured plaintiff alleged a negligence claim against the driver of a truck involved in a car accident, in addition to a claim of vicarious liability against the truck driver's employer, and a claim of negligent hiring and supervision against the employer.  After a jury verdict, which apportioned damages among the plaintiff, the driver of the vehicle in which the plaintiff was a passenger, the driver of the truck, and the truck driver's employer, each party appealed.  Of particular relevance to this case is the argument that:

> it is improper for a plaintiff in a motor vehicle accident to submit a claim of negligent entrustment or negligent hiring against a defendant driver's employer when the employer admits that the driver was acting within the scope and course of his employment at the time of the collision and when the plaintiff's claim is dependent on the existence of the driver's negligence.

Id. 891 S.W.2d at 825.  In considering the argument, the Missouri Supreme Court adopted the majority view:

> The majority view is that once an employer has admitted *respondeat superior* liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability . . . . This appears to be the better reasoned view.

---

[1] This matter is before the Court pursuant to diversity jurisdiction.  There is no dispute that Missouri law governs Plaintiff's claims.  Kuklenski v. Medtronic USA, Inc., 134 F.4th 528, 530-531 (8th Cir. 2025) ("Sitting in diversity, we apply the substantive law of the forum state." (cleaned up)).

Id. at 826 (citations omitted).  Thus, if one avenue of vicarious liability is established, it is error to permit a plaintiff "from going to the jury on multiple alternative theories of imputed liability." Coomer v. Kansas City Royals Baseball Corp., 437 S.W.3d 184, 306 (Mo. 2014); McHaffie, 891 S.W.2d at 826 ("Once vicarious liability for negligence is admitted under *respondeat superior*, the person to whom negligence is imputed becomes strictly liable to the third party for damages attributable to the conduct of the person from whom negligence is imputed."); Ware v. Wind Transport Solutions, Inc., No. 4:23-cv-300-AGF, 2025 WL 1642407, at *10 (E.D. Mo. June 9, 2025) ("In McHaffie, the Missouri Supreme Court held that once a defendant employer admits to *respondeat superior* liability, it is error to permit the plaintiff to pursue a separate claim of damages under a theory of negligent entrustment.").[2]  Thus, KT argues that because it has admitted that Johnson was acting within the scope of his employment, it is unnecessary and redundant to include a negligent hiring/training/entrustment claim.

Plaintiff counters that such a claim should not be dismissed at the pleading stage and that, pursuant to Federal Rule of Civil Procedure 8, he may present alternative theories of relief. Plaintiff's argument is well taken.  While he may not be permitted to present a jury with the claims contained in Count IV in light of Defendant's admission, he is still entitled to *plead* alternative theories of vicarious liability.  See Lawler v. Baylor Trucking, Inc., No. 4:24-cv-567-SEP, 2025 WL 986914, *3 (E.D. Mo. March 31, 2025) (finding, under similar circumstances, that dismissing a negligent hiring claim at the pleading stage is premature) (citing Ershen v. Keep Running Trucking Corp., No. 4:19-cv-1200-RWS, 2019 WL 13198752 (E.D. Mo. May 31, 2019), Branson

---

[2] In dicta, McHaffie sets out three exceptions: 1) where the claims against the employer are not derivative of the negligence claims against the employee; 2) where the plaintiff seeks punitive damages; or 3) where the relative fault of the parties is relevant.  Id. 891 S.W.2d at 826; Wilson v. Image Flooring, LLC, 400 S.W.3d 386 (Mo. Ct. App. 2013) (holding that the general rule in McHaffie does not apply where there are claims for punitive damages).  There is no indication in this case that any of the exceptions apply.

v. FAF, Inc., No. 4:17-cv-2847-RWS, 2018 WL 690988 (E.D. Mo. Feb. 2, 2018), and Sargent v. Justin Time Transp., L.L.C., No. 4:09-cv-596-HEA, 2009 WL 4559222 (E.D. Mo. Nov. 30, 2009)).  Accordingly, Plaintiff has not failed to state a claim by pleading an alternative theory of vicarious liability notwithstanding Defendant's admission of *respondeat superior* liability.  As such, at this stage of the proceedings, dismissal is premature.

In its reply brief, Defendant states "this Court has applied *McHaffie* during the pleading stage when none of the *McHaffie* exceptions have been met" and cites to Ershen, 2019 WL 13198752 at *1 (Doc. 17, p. 2).  This is incorrect.  In Ershen, District Judge Rodney W. Sippel specifically found the opposite, stating that: "Although some judges have interpreted this [McHaffie] restriction to apply at the pleadings stage, I have previously declined to reach that interpretation and do so again in this case." Id.  Defendant also misrepresents the holding in Sargent.  While certainly, District Judge Henry Edward Autrey stated that "*McHaffie* is not dispositive," Defendant's implied argument that the case is not relevant to the issue before this Court is mistaken.  Judge Autrey found that dismissing an alternative theory of vicarious liability was premature at the pleading stage in circumstances identical to this case.  As such, Defendant has failed to support its assertion that "[t]his Court has found *McHaffie* to apply at this stage of litigation."

## Conclusion

For the foregoing reasons, Defendant Knight Transportation, Inc.'s Motion to Dismiss Count IV of the Complaint (Doc. 10) is **DENIED**.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of July, 2025